United States District Court
Southern District of Texas

**ENTERED**

September 13, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY MCDONALD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-15-0469 |
| | § | |
| CREDIT SUISSE FINANCIAL CORP., et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT**

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C.

§ 636(b)(1)(B) is Defendants' Motion to Dismiss Amended Complaint (Document No. 28). Having

considered Defendants' Motion to Dismiss, the absence of a response to the motion, the allegations

in Plaintiffs' live pleading (Document No. 21) and the applicable law, the Magistrate Judge

RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss (Document

No. 28) be GRANTED and that Plaintiff's claims against Defendants Wells Fargo Bank, N.A, U.S.

Bank National Association, as Trustee for Adjustable Rate Mortgage Trust, 2006-3, Adjustable Rate

Mortgage-Backed Pass-Through Certificates, Series 2006-3, and Mortgage Electronic Registration

Systems, Inc., all be DISMISSED WITH PREJUDICE pursuant to FED. R. CIV. P. 12(b)(6) for

failure to state a claim.

I.      **Background and Procedural History**

On January 5, 2015, Plaintiff Jeffrey McDonald ("McDonald") initiated this suit in the 234th

District Court of Harris County, Texas, Cause No. 2015-00128, seeking to preclude the scheduled

foreclosure on his property located at 21227 Peachvine Lance, Tomball, Texas, 77375 (referred to hereafter as "the Property"). In his state court Petition, McDonald alleged that Defendants could not foreclose on the Property because they did not acquire the Note and/or Deed of Trust through a valid and enforceable assignment. Defendants Wells Fargo Bank, N.A, U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust, 2006-3, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2006-3, and Mortgage Electronic Registration Systems, Inc. (referred to collectively hereafter as "Defendants") removed the case to this Court on the basis of diversity.[1] In February 2016, Defendants filed a Motion to Dismiss, to which McDonald did not, despite being given an extension of time, file a response. Instead, McDonald filed an Amended Complaint, which was subsequently allowed, and to which Defendants have now filed a Motion to Dismiss Amended Complaint (Document No. 28). As of this date, McDonald has not filed a response to Defendants' Amended Motion to Dismiss, and that Motion is, under the Local Rules of this District, deemed unopposed.

## II.   Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp.*

---

[1] No other Defendants named in the state court Petition, including Credit Suisse Financial Corporation, have made an appearance. In addition, there is no proof in the record that any of them have been served, and the time for such service under FED. R. CIV. P. 4(m) has long since passed.

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)).  Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950.  It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

## III.   Discussion

McDonald's live pleading is the Amended Complaint (Document No. 21), that was allowed pursuant to the Order filed on July 12, 2016 (Document No. 27).  In that Amended Complaint, McDonald alleges the Note and Deed of Trust were not assigned together, and that the assignment

3

was in contravention of the terms of the Pooling and Servicing Agreement that governs the mortgage trust that claims to be the holder of the Note and Deed of Trust. McDonald asserts claims against Defendants for: (1) quiet title; (2) slander of title; (3) intentional infliction of emotional distress; and (4) declaratory relief.[2]

Defendants, in their Motion to Dismiss, seek dismissal of all of McDonald's claims under FED. R. CIV. P. 12(b)(6), arguing that McDonald does not have standing to challenge the assignment of the Note and Deed of Trust, that McDonald has not alleged any facts that would give him standing to challenge the assignment as violating the terms of the mortgage trust's Pooling and Servicing Agreement, and that there are no facts alleged in the Amended Complaint that would support a plausible claim to quiet title, or for slander of title, intentional infliction of emotional distress, or declaratory judgment. As is relevant to McDonald's claims and Defendants' arguments for dismissal, the exhibits attached to McDonald's pleadings, which can be considered in a Rule 12(b)(6) context, *see* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"); *United States ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004), show that on April 17, 2006, McDonald, as borrower, executed a Note in the amount of $94,440.00 for purchase of the Property, along with a Deed of Trust, with Credit Suisse Financial Corporation identified as lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") identified as lender's beneficiary and nominee (Document No. 1-5 at 16-20, 29-40), the Note and Deed of Trust were assigned by MERS, acting as nominee for

---

[2] The Amended Complaint also contains claims of fraudulent concealment, unconscionable contract, breach of contract, and breach of fiduciary duty against Defendant Credit Suisse Financial Corporation. But, as set forth *infra*, note 1, Credit Suisse Financial Corporation has not appeared in this case and there is no evidence in the record that Credit Suisse Financial Corporation has been served.

4

Credit Suisse Financial Corporation, to US National Bank Association as Trustee for CSFB ARMT 2006-3 on December 4, 2008 (Document No. 1-5 at 51-52), and the assignment record was corrected on January 3, 2012, to reflect that the 2008 assignment by MERS, as nominee for Credit Suisse Financial Corporation, was to US National Bank Association as Trustee for Adjustable Rate Mortgage Trust 2006-3, Adjustable Rate Mortgage-Backed Pass-Through Certificates Series 2006-3 (Document No. 1-5 at 54-55).

McDonald's complaints about the validity of the assignment cannot provide him any basis for precluding foreclosure on the Property. That is because McDonald, who was not a party to the assignment, has no standing to challenge the assignment. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013); *Lassberg v. Bank of America, N.A.*, ___ F.App'x ___, 2016 WL 4446074 *3 (5th Cir. Aug. 23. 2016). In addition, to the extent McDonald alleges that the Note and Deed of Trust were somehow split, making the assignments unsupportable and invalid, such a claim has been roundly rejected as basis for either precluding foreclosure or challenging the validity of the Note. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (rejecting both the "show-me-the-note" and the "split-the-note" theories for challenging a foreclosure); *Campo v. Bank of America, N.A.*, Civil Action No. H-15-1091, 2016 WL 1162199 *5 (S.D. Tex. March 24, 2016) (For the reasons stated in *Martins*, which is binding on this court, Campo's contention that Bank of America lacks standing to foreclose because the Note and Deed of Trust were split does not provide a basis for relief."). As for McDonald's asserted claims for quiet title, slander of title, intentional infliction of emotional distress, and for declaratory relief, none is supported by factual allegations in the Amended Complaint that would give rise to a plausible claim.

5

### A.    Quiet Title Claim

"A suit to clear or quiet title-also known as suit to remove cloud from title-relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, review denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507 at *7 (Tex. App.—Houston [1st Dist.] 2011). At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.* A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

Here, McDonald has not alleged any creditable facts that would support a quiet title claim. While McDonald seems to allege that Defendants do not have a valid interest in the Property because the assignment is invalid or unenforceable, McDonald cannot maintain a quiet title claim solely on the basis of his unsupportable challenges to the validity of the assignment. *Lassberg*, 2016 WL 4446074 at *5. McDonald has not alleged, with any particularized facts, the strength of his title to the Property vis-a-vis Defendants. Plaintiff has therefore not stated a plausible quiet title claim.

6

### B.     Slander of Title Claim

In Texas, "'[s]lander of title is defined as a false and malicious statement made in disparagement of a person's title to property which causes special damages. " *Elijah Ragira/VIP Lodging Group, Inc. v. VIP Lodging Group, Inc.*, 301 S.W.3d 747, 758 (Tex. App.–El Paso 2009, review denied). The elements of a slander of title claim include "the uttering and publishing of disparaging words that were false and malicious, that special damages were sustained, and that the injured party possessed an interest in the property disparaged. Further, the complaining party must demonstrate the loss of a specific sale." *Id.* at 759.

Here, McDonald has not alleged in his Amended Complaint that Defendants made any false and malicious statements about his interest in, and title to, the Property. Nor has he alleged a loss of a specific sale. He has therefore not alleged a plausible slander of title claim.

### C.     Intentional Infliction of Emotional Distress Claim

A claim for intention infliction of emotional distress under Texas law requires allegations and proof that: (1) the defendant acted intentionally or recklessly; (2) the conduct of the defendant was "extreme and outrageous;" (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the emotional distress suffered by plaintiff was severe. *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993). Conduct is "extreme and outrageous" if it is "atrocious" and surpasses "all possible bounds of decency," such that it is "utterly intolerable in a civilized community." *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir. 1989); *Wornick*, 856 S.W.2d at 734. Whether conduct is "extreme and outrageous" is a question of law for the Court. *Wornick*, 856 S.W.2d at 734

Here, the allegation in the Amended Complaint in support of McDonald's intentional infliction of emotional distress claim are the same allegations about the validity of the assignment

7

– allegations that McDonald has no standing to pursue. Moreover, actions taken in connection with a foreclosure proceeding, particularly where Plaintiff's own exhibits show that Defendants have the authority to pursue foreclosure, cannot, as a matter of law, be considered "extreme and outrageous." *See Robinson v. BAC Homes Loan Servicing, LP*, Civil Action No. H-10-5168, 2011 WL 2490601 *5-6 (S.D. Tex. June 21, 2011). Accordingly, McDonald has not stated a plausible claim against Defendants for intentional infliction of emotional distress.

### D.    Declaratory Judgment Claim

A declaratory judgment claim cannot stand alone; instead, the "Texas Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 *et seq.* (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, 752 n. 3 (5th Cir. 1996). Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive. *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Federal Home Loan Mortgage Corp.*, 2011 WL 7068386 *3 (N.D. Tex. 2011) (where Plaintiff failed to state a claim for trespass to try title and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510 *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged").

Here, given that McDonald's underlying substantive claims are all subject to dismissal under Rule 12(b)(6), McDonald's claim for declaratory relief is subject to dismissal as well. *See e.g.*

*Campo*, 2016 WL 1162199 at *6 (dismissal of declaratory judgment claim proper when all underlying substantive claims are subject to dismissal).

## V.    Conclusion and Recommendation

Based on the foregoing, and the determination that Plaintiff Jeffrey McDonald has not, and cannot, state a plausible claim against Defendants related to either the scheduled foreclosure on the Property or the validity of the Note and Deed of Trust and/or the assignment of such, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss Amended Complaint (Document No. 28) be GRANTED and that Plaintiffs' claims against Defendants Wells Fargo Bank, N.A, U.S. Bank National Association, as Trustee for Adjustable Rate Mortgage Trust, 2006-3, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2006-3, and Mortgage Electronic Registration Systems, Inc. all be DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

*Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written

objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this _____ day of September, 2016.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

10